# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SUNG KYU KANG and HYUN OK SON KANG,

Plaintiffs,

v.

WELLS FARGO BANK, N.A.; BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP; et al.,

Defendants.

Case No.: 18cv332-MMA (JMA)

**ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT**

[Doc. No. 3]

Plaintiffs Sung Kyu Kang and Hyun Ok Son Kang ("Plaintiffs") have filed a Complaint against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Barret Daffin Frappier Treder & Weiss, LLP ("BDFTW"), all persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in the Complaint adverse to Plaintiffs' title or any cloud on Plaintiffs' title herein, and Does 1 through 99. Doc. No. 1-2 ("Compl."). On February 12, 2018, Wells Fargo removed this action to this Court from the Superior Court of California, County of San Diego. Doc. No. 1. Wells Fargo filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 3-1 ("MTD"). BDFTW joins Wells Fargo's motion to dismiss. Doc. No. 5 ("Joinder"). Plaintiff opposes dismissal [Doc. No. 8 ("Oppo.")] and

Wells Fargo replied [Doc. No. 9 ("Reply")]. The Court, in its discretion, decides the matter on the papers submitted and without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **GRANTS** Wells Fargo's motion to dismiss.

BACKGROUND[1]

Plaintiffs purchased the real property located at 10625 Senda Acuario, San Diego, CA 92130 (the "Subject Property") in or around 2007 with an owner-occupied mortgage from Wells Fargo's predecessor in interest, World Savings Bank, FSB. Compl., ¶¶ 1, 23. Plaintiffs allege their loan was a "Pick-A-Pay Loan mortgage that was sold to [P]laintiffs even though [P]laintiffs could not afford it." Compl., ¶ 23. Plaintiffs state that "[t]his type of loan was designed to induce borrowers to assume onerous financial terms, and failed to disclose material facts about the loan that are required to be disclosed under consumer protection laws." *Id.*

In or around 2009, Plaintiffs began having financial problems, which caused them to fall behind on their mortgage payments. Compl., ¶ 24. Plaintiffs reached out to Wells Fargo in or around 2009 or 2010 to seek a loan modification. Compl., ¶ 25. Plaintiffs allege their "loan modifications were denied after lengthy delays, and mishandling of Plaintiffs' documents by Wells Fargo . . . ." *Id.* Plaintiffs allege they continued applying for loan modifications, "but always failed to obtain a result because Wells Fargo was never satisfied that it had complete documentation and information from Plaintiffs." *Id.*

In or around mid-2017, Plaintiffs again applied for a loan modification from Wells Fargo. Compl., ¶ 26. Plaintiffs' application "contained documents and information showing that [their] financial condition had substantially changed since [their] last application." *Id.* On or around August 16, 2017, while the loan modification application was still pending, Defendants "caused a Notice of Trustee's Sale to be recorded." *Id.*

---

[1] Because this matter is before the Court on a 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the operative complaint. *See Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976).

Plaintiffs allege they continued providing further documents and information as requested by Wells Fargo until approximately October 2017, when Plaintiffs received notice from Wells Fargo that their loan modification application "was not being accepted." *Id.* Wells Fargo ultimately denied the application and now seeks to foreclose the Subject Property. Compl., ¶¶ 26-27.

Based on these events, Plaintiffs bring this action against Defendants alleging: (1) violation of California Civil Code § 2923.6; (2) violation of California Civil Code § 2924.10;[2] (3) negligence; (4) quiet title; (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1611 e*t seq.* and the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602, *et seq.*; (6) violation of California's Unfair Competition Law, California Business and Professions Code § 17200, *et seq.*; and (7) accounting. *See generally*, Compl.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). That is, the pleadings must contain factual allegations "plausibly suggesting (not merely consistent with)" a right to relief. *Twombly*, 550 U.S. at 557. The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair

---

[2] Plaintiffs list § 2923.10 in the Complaint. This appears to be a typographical error because § 2923.10 does not appear in the California Civil Code. Wells Fargo addresses the claim as a § 2924.10 claim (MTD at 15), which Plaintiffs adopt in their opposition (*see* Oppo. at 4).

notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (citing *In Re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

<u>**REQUEST FOR JUDICIAL NOTICE**</u>

Wells Fargo requests the Court judicially notice documents recorded in the Official Records of the San Diego County Recorder's Office and copies of documents reflecting official acts of the executive branch of the United States and State of California.[3] Doc. No. 4 ("RJN") at 3-4. Also, BDFTW requests the Court judicially notice a "Substitution of Trustee," recorded on January 20, 2017. Doc. No. 6, Exhibit 1.

---

[3] The documents include: (1) Plaintiffs' Deed of Trust, recorded on June 26, 2007 (RJN, Exhibit A); (2) Certificate of Corporate Existence, dated April 21, 2006 (RJN, Exhibit B); (3) Letter dated November 19, 2007 authorizing a name change from World Savings Bank, FSB to Wachovia Mortgage, FSB (RJN, Exhibit C); (4) Charter of Wachovia Mortgage, FSB, dated December 31, 2007 (RJN, Exhibit D); (5) Official Certification of the Comptroller of the Currency stating that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo (RJN, Exhibit E); (6) Website printout of the Federal Deposit Insurance Corporation dated September 2, 2010, showing history of Wachovia Mortgage, FSB (RJN, Exhibit F); (7) Notice of Default and Election to Sell Under Deed of Trust, dated January 24, 2017 (RJN, Exhibit G); and (8) Trustee's Deed Upon Sale, recorded June 25, 2017 (RJN, Exhibit H).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). A court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds in Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

No party questions the authenticity of the documents contained in Defendants' requests for judicial notice. *See* Joinder; Oppo. Therefore, to the extent the Court references facts contained within the documents requested to be judicially noticed, Defendants' requests are **GRANTED**. *See United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is appropriate for records and 'reports of administrative bodies.'"); *Fimbres v. Chapel Mortg. Corp.*, No. 09-cv-0886-IEG (POR), 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009) (judicially noticing similar documents because they are public records); *DeLeon v. Wells Fargo Bank*, No. 10-cv-01390-LHK, 2011 WL 311376, at *2-3 (N.D. Cal. Jan. 28, 2011) (judicially noticing records of the Office of Thrift Supervision and the Comptroller of the Currency); *Michael v. New Century Fin. Servs.*, 65 F. Supp. 3d 797, 803-04 (N.D. Cal. 2014) (judicially noticing information obtained from a government website).

## DISCUSSION

Wells Fargo moves to dismiss each of Plaintiffs' causes of action on the grounds that their Complaint "does not meet the basic pleading standards" of Federal Rule of Civil Procedure 8(a). MTD at 12. The Court addresses each cause of action in turn.

### A. *California Civil Code § 2923.6*

Plaintiffs allege that Defendants violated California Civil Code § 2923.6, which is a provision of the Home Owner's Bill of Rights ("HBOR"), by "dual-track[ing]

Plaintiff[s'] loan modification application and foreclosure proceedings."[4]  Compl., ¶¶ 29-32; *see* Oppo. at 4.  Wells Fargo contends this cause of action must be dismissed because Plaintiffs do not allege that they provided a "complete" loan modification application.  MTD at 12-14.  Even if Plaintiffs alleged that they provided a complete loan modification application, Wells Fargo argues the claim fails for lack of factual support.  *Id.* at 14-15.

California Civil Code § 2923.6 provides that "[i]f a borrower submits a complete application for a first lien loan modification," a mortgage servicer "shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending" until "the mortgage servicer makes a written determination that the borrower is not eligible for a first lien modification, and any appeal period" has expired.  Cal. Civ. Code. § 2923.6(c).  "The requirements and prohibitions of § 2923.6(c) are triggered by the borrower's submission of a 'complete' loan modification application."  *Garcia v. PNC Mortg.*, No. C 14-3543 PJH, 2015 WL 534395, at *7 (N.D. Cal. Feb. 9, 2015) (citing Cal. Civ. Code § 2923.6(c)).  Under the statute, an application is "deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."  Cal. Civ. Code § 2923.6(h).  The statute further provides that "the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error."  Cal. Civ. Code. § 2923.6(d).

Plaintiffs allege that their application "contained documents and information showing that [their] financial condition had substantially changed since [their] last application," and that they "continued to provide further documents and information, as

---

[4] The California Legislature amended Cal. Civ. Code § 2923.6 effective January 1, 2018, but the prior version of the statute governs events that took place before the time of enactment, including the events underlying this case.  The prior version of the HBOR explicitly provided that it was effective from January 1, 2013, through January 1, 2018.  *See* Cal. Civ. Code § 2923.6 (West 2013) ("[t]his section shall remain in effect only until January 1, 2018").  Therefore, the prior version of § 2923.6 will be applied in this case.

18cv332-MMA (JMA)

requested until in or about October 2017." Compl., ¶ 26.  Plaintiffs further allege that they did not receive notice from Wells Fargo that their application "was not being accepted" until October 2017.  *Id.*  As a result, Plaintiffs assert that their application was pending when Defendants recorded the Notice of Trustee's Sale on August 16, 2017.  *Id.*; *see* Oppo. at 4.

This claim is deficiently pleaded because Plaintiffs do not allege that the loan modification application was "complete" as defined by California Civil Code § 2923.6(h) when the Notice of Trustee's Sale was recorded.  Compl., ¶¶ 23-34.  However, Wells Fargo's assertion that Plaintiffs' allegations contradict any inference that the application was complete because Defendants requested additional documents and information from Plaintiffs until October 2017 is not necessarily accurate.  *See* MTD at 13-14; Compl., ¶ 26.  "[T]he clear implication of section 2923.6(h) is that a mortgage servicer must tell the borrowers in advance what documents are required and specify 'reasonable timeframes' for the submission of those documents."  *Mace v. Ocwen Loan Servicing, LLC*, 252 F. Supp. 3d 941, 947 (N.D. Cal. 2017).  Thus, if the "borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer," then the application is complete, even where the mortgage servicer later requested additional documents.  *Id.*; *see Di Loreto v. Chase Manhattan Mortg. Corp.*, No. 17-cv-05187-CW, 2017 WL 5569834, at *5-6 (N.D. Cal. Nov. 20, 2017).  Accordingly, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiff's first cause of action for a violation of California Civil Code § 2923.6 without prejudice and with leave to amend.

**B.**      *California Civil Code § 2924.10*

In their second cause of action, Plaintiffs allege that "Defendants . . . failed to send the written acknowledgment of the submission of Plaintiff[s'] loan modification

application in mid-2017, as required by [California] Civil Code § 292[4].10."[5]  Compl., ¶ 38; *see* Oppo. at 4.  Wells Fargo moves to dismiss Plaintiffs' § 2924.10 claim because Plaintiffs have not alleged a material violation of the HBOR.[6]  MTD at 15-18.

California Civil Code § 2924.10 of the HBOR provides that "[w]hen a borrower submits a complete first lien modification application or any document in connection with a first lien modification application, the mortgage servicer shall provide written acknowledgement of the receipt of the documentation within five business days of receipt."  Cal. Civ. Code § 2924(a).  The statue requires that, in its initial acknowledgement of receipt of the loan modification application, a mortgage servicer include certain information such as a description of the loan modification process, any deadlines affecting the processing of the modification application, any expiration dates for submitted documents, and any deficiency in the application.  *Id.*

The HBOR provides that borrowers may bring an action based on a material violation of § 2924.10.  Cal. Civ. Code § 2924.12.  "Courts have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process."  *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1113 (E.D. Cal. 2015).  Here, Plaintiffs do not allege the loan modification process was disrupted by Defendants' failure to send the written acknowledgement of the submission of documents or that they were awaiting information regarding the process.  Compl., ¶¶ 35-40.  Further, Plaintiffs do not identify a specific harm they attribute to the violation.  *Id.*  Additionally, the Court notes that Plaintiffs provided documents "as requested" by Defendants, indicating that Plaintiffs received some acknowledgment at

---

[5] The California Legislature repealed Cal. Civ. Code § 2924.10 in January 2018, but the statute still governs events that occurred from January 1, 2013 through December 31, 2017, and therefore applies to this case.  *See* Cal. Civ. Code § 2924.10 (West 2013) ("[t]his section shall remain in effect only until January 1, 2018").

[6] Wells Fargo also argues that it is not clear that § 2924.10 is applicable to the Plaintiffs' situation.  MTD at 15-16.  Wells Fargo does not cite to any legal authority asserting that § 2924.10 would not be applicable.  *See id.*  Accordingly, the Court declines to address this argument.

some point. *See* Compl., ¶ 26. In summation, "Plaintiffs fail to explain how an earlier written acknowledgement of the submission of documents would have changed the course of the proceedings." *Cornejo*, 151 F. Supp. 3d at 1113.

Because Plaintiffs fail to allege facts sufficient to establish a "material violation" of § 2924.10, Wells Fargo's motion is **GRANTED** and Plaintiff's second cause of action is **DISMISSED** without prejudice and with leave to amend. *See id.*

## C. *Negligence*

In the third cause of action, Plaintiffs assert a claim of negligence. Compl., ¶ 41-47. The elements of a cause of action for negligence are: "(1) duty; (2) breach; (3) causation; and (4) damages." *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1203 (9th Cir. 2003) (citing *Martinez v. Pac. Bell*, 225 Cal. App. 3d 1557, 1563-70 (Ct. App. 1990)). "'To prevail in an action for negligence, the plaintiff must show that the defendant owed a duty *to the plaintiff*.'" *Cornejo*, 151 F. Supp. 3d at 1116 (citing *John B. v. Superior Court*, 38 Cal. 4th 1177, 1188 (2006)).

"As a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (Ct. App. 1991). Rather, "[l]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Id.* (internal quotation marks omitted). To determine whether a duty of care exists in particular circumstances, California courts balance the factors set forth in *Biakanja v. Irving*, 49 Cal. 2d 647 (1958): (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to the plaintiff; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Biakanja*, 49 Cal. 2d at 650.

"California courts are divided as to whether a lender owes a duty of care during a loan modification application process." *Cornejo*, 151 F. Supp. 3d at 1116. In particular, two California Court of Appeal cases reached different conclusions on the issue. *Compare Lueras v. BAC Home Loans Servicing LP*, 221 Cal. App. 4th 49, 67 (Ct. App. 2013) (residential loan modification is a traditional lending activity that does not create a duty of care), with *Alvarez v. BAC Home Loans Servicing, LP*, 228 Cal. App. 4th 941, 948 (Ct. App. 2014) (servicer does not have a general duty to offer modification, but a duty arises when the servicer agrees to consider a borrower's application for modification). In *Lueras*, the court concluded that the *Biakanja* factors "do not support imposition of a common law duty to offer or approve a loan modification." *Lueras*, 221 Cal. App. 4th at 67. There, the court concluded that lending institutions do "not have a common law duty of care to offer, consider, or approve a loan modification, or to offer . . . alternatives to foreclosure." *Id.* at 68. One year later, the *Alvarez* court concluded that lending institutions owe a duty of reasonable care in processing and reviewing loan modification applications. *Alvarez*, 228 Cal. App. 4th at 948. That court particularly acknowledged *Nymark's* general rule that financial institutions do not owe a duty of care when acting within the scope of its conventional role as a lender of money, but concluded that where a lending institution voluntarily agrees to consider modification of a borrower's loans, the *Biakanja* factors weigh in favor of finding a duty is owed. *Id.*

In a 2016 unpublished decision, the Ninth Circuit concluded that a lender "did not owe Plaintiffs a duty of care when considering their loan modification application because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.'" *Badame v. J.P. Morgan Chase Bank*, 641 F. App'x 707, 709 (9th Cir. 2016) (quoting *Lueras*, 221 Cal. App. at 67); *see also Anderson v. Deutsche Bank Nat. Trust Co. Americas*, 649 F. App'x 550, 552 (9th Cir. 2016) (finding no duty of care where the borrower's negligence claim is based on delay in the processing of a loan modification application). "Thus, to the extent the Ninth Circuit has addressed the question, it appears

that the Ninth Circuit agrees with the reasoning set forth in *Lueras*."  *Nikoopour v. Ocwen Loan Servicing*, No. 17cv2015-MMA (WVG), 2018 WL 1035210, at *6 (S.D. Cal. Feb. 23, 2018).

Moreover, numerous Ninth Circuit district courts have found the *Lueras* court's reasoning persuasive.  *See Forster v. Wells Fargo Bank*, No. 17-cv-05120-BLF, 2018 WL 509967, at *4 (N.D. Cal. Jan. 23, 2018) ("This Court finds the *Lueras* line of cases to be more persuasive and therefore concludes that, were it to address the issue, the California Supreme Court most likely would find that a mortgage servicer does not owe a borrower a duty of care in processing an application for a residential loan modification."); *Galindo v. Ocwen Loan Servicing, LLC*, -- F. Supp. 3d -- , No. 17-cv-00021-LHK, 2017 WL 4355130, at *5 (N.D. Cal. Sept. 29, 2017) ("Because the weight of Ninth Circuit authority, albeit unpublished, follows *Lueras*, this Court does the same."); *Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 605 (E.D. Cal. 2017) ("This Court agrees that the *Lueras* court is more persuasive[.]").

Plaintiff alleges that Defendants had a duty to "not act negligently in handling loan modification applications once [they] ha[d] undertaken to review the application." Compl., ¶ 42; *see* Oppo. at 5 (citing *Alvarez*, 228 Cal. App. 4th at 948).  However, the Court finds the *Lueras* line of cases to be more persuasive and concludes that pursuant to *Lueras*, Plaintiffs cannot establish that Wells Fargo owed Plaintiffs a duty of care in the loan modification process.  As such, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiffs' negligence claim with prejudice.

## D.   *Quiet Title*

In their fourth cause of action, Plaintiffs allege that "[t]he claims of Defendants . . . are without any right, title, ownership or interest whatsoever."  Compl., ¶ 50. Specifically, Plaintiffs allege that "despite applying for loan modification, Defendants have proceeded to file foreclosure related notices and schedule a foreclosure sale for the subject property."  *Id.*  Also, Plaintiffs allege that "the fees charged were not justified or properly accounted."  *Id.*

"An action to quiet title may be brought to establish title against adverse claims to real property or any interest therein." *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) (citing Cal. Code Civ. Proc. § 760.020). A claim is defined as "a legal or equitable right, title, estate, lien, or interest in the property or cloud upon title." Cal. Code. Civ. Proc. § 760.010(a). "A quiet title action must be in a verified complaint that includes: (1) a description of the property in question; (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) the adverse claims to the title of the plaintiff against which a determination is sought; (4) that date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims." *Rockridge Trust v. Wells Fargo*, 985 F. Supp. 2d 1110, 1157 (N.D. Cal. 2013) (citing *Rosenfeld v. JPMorgan Chase Bank*, 732 F. Supp. 2d 952, 974-75 (N.D. Cal. 2010)). Additionally, a "plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed." *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (quoting *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Ct. App. 1984)).

Wells Fargo moves to dismiss this claim on the grounds that Plaintiffs' causes of action for violations of the California Civil Code fail. MTD at 22. Plaintiffs agree that their "claim[] for Quiet Title . . . [is] reliant upon the aforementioned Civil Code violations." Oppo. at 6. Because Plaintiffs' claim of entitlement to quiet title is predicated on alleged violations of California Civil Code §§ 2923.6 and 2924.10 and the Court finds that they have not sufficiently stated violations of those provisions, Plaintiffs quiet title cause of action must be dismissed. *See Asturias v. Nationstar Mortg., LLC*, No. 15-cv-03861-RS, 2016 U.S. Dist. LEXIS 54366, at *21-22 (N.D. Cal. 2016); *see* Oppo. at 5. Thus, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiffs' quiet title cause of action without prejudice and with leave to amend.

## E. *TILA and HOEPA*

In their fifth cause of action, Plaintiffs allege that "Defendants violated TILA/HOEPA by failing to provide Plaintiffs with accurate material disclosures required

under TILA/HOEPA and not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders." Compl., ¶ 55. Further, Plaintiffs allege TILA and HOEPA require the lender to offer loan products that might be more advantageous for the borrower "under the same qualifying matrix." *Id.* According to Plaintiffs, "Defendants sold [them] a Pick-A-Pay Loan with deceptive terms and inaccurate disclosures, knowing that [they] could not afford this loan." *Id.*

TILA "requires creditors . . . to provide borrowers with clear and accurate disclosures of [the] terms [of their loan, including] . . . finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638). If a lender fails to satisfy TILA's disclosure requirements, it is liable for "statutory and actual damages traceable to [its] failure to make the requisite disclosures." *Id.* (citing 15 U.S.C. § 1640).

TILA claims seeking damages are subject to a one-year statute of limitations, which "runs from the date of consummation of the transaction." *King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); 15 U.S.C. § 1640(e). The doctrine of equitable tolling "may . . . suspend the limitations period." *King*, 784 F.2d at 915. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000). However, when a plaintiff fails to allege any facts demonstrating that the alleged TILA violations could not have been discovered by due diligence during the statutory period, equitable tolling should not be applied. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

TILA rescission claims "expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever comes first . . . ." 15 U.S.C. § 1635(f). In contrast to a TILA damages claim, the three-year statute of limitations for

TILA rescission claims is not subject to equitable tolling.  *See Beach*, 523 U.S. at 412 (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures).

HOEPA prohibits creditors from "extending credit to consumers under mortgages referred to in section [1602(aa)] based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment." 15 U.S.C. § 1639(h).  Although section 1602(aa) covers consumer credit transactions secured by a consumer's principal dwelling, it expressly excludes from HOEPA coverage of a "residential mortgage transaction." 15 U.S.C. § 1602(aa); 12 C.F.R. § 226.23(f)(1).  Residential mortgage transactions are defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x).  In addition, "HOEPA is an amendment of TILA, and therefore, is governed by the same . . . statutes of limitations as TILA."  *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted).

Plaintiffs seek damages and rescission under TILA and HOEPA.  Compl., ¶¶ 58-60.  Wells Fargo argues these claims are subject to dismissal because Plaintiffs fail to identify and explain which disclosures under the TILA and HOEPA were not made or were inaccurate.  MTD at 23.  Further, Wells Fargo contends the claims are time-barred and "[n]o basis for equitable tolling exists . . . ."  *Id.* at 24.

Plaintiffs' TILA claim is based on a loan transaction that closed in 2007.  Compl., ¶ 23.  Accordingly, the damages claim's statute of limitations began to run in 2007 and expired in 2008 and the rescission claim's statute of limitations expired in 2010.  *See King*, 784 F.2d at 915.  Plaintiffs filed the Complaint in the San Diego County Superior Court on February 6, 2018, well after expiration of the statute of limitations for damages and rescission claims.  *See* Compl.  Therefore, Plaintiffs' claims for rescission and

damages are time-barred. However, Plaintiffs may assert a claim for damages if they establish entitlement to equitable tolling. *See King*, 784 F.2d at 915.

Plaintiffs allege entitlement to equitable tolling because Defendants failed "to effectively provide the required disclosures and notices." Compl., ¶ 56. In their opposition, Plaintiffs argue Defendants fraudulently concealed and actively hid the "fraudulent nature" of the loan from Plaintiffs. Oppo. at 6. Fraudulent concealment does toll the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotation marks omitted). However, "a plaintiff cannot merely rely on the same factual allegations that would establish the statutory violation to invoke equitable tolling." *Enriquez v. Countrywide Home Loans, FSB*, 814 F. Supp. 2d 1042, 1058 (D. Haw. 2011).

Here, Plaintiffs' allegations are conclusory and based on the same factual allegations establishing the alleged violation of TILA. *See id.; see also Sipe v. Countrywide Bank*, 690 F. Supp. 2d 1141, 1149 (E.D. Cal. 2010). Plaintiffs do not "allege what facts were 'purposely hidden' from Plaintiff[s] to prevent discovery of [their] TILA claim," and do not "assert how the 'hidden facts' prevented [them] from discovering the alleged TILA violations or how they relate to the alleged TILA violations." *Sipe*, 690 F. Supp. 2d at 1149. As such, "[f]acts sufficient to invoke equitable tolling have not been alleged." *See Sipe*, 690 F. Supp. 2d at 1149. Therefore, Plaintiffs are not entitled to equitable tolling and their claim for damages is time-barred.

Even if Plaintiffs' claims were not time-barred, their allegations fail to state a claim for violation of TILA because Plaintiffs do not allege what required disclosures Defendants failed to provide. *See* Compl., ¶¶ 53-61. Further, Plaintiffs' HOEPA claim fails on the merits because Plaintiffs' obtained a "Pick-A-Pay" mortgage from Wells Fargo's predecessor-in-interest to finance their purchase of the Subject Property. Compl., ¶ 23. Thus, the loan was a transaction upon which a deed of trust was recorded, which qualifies as a "residential mortgage transaction," as defined by § 1602(x), and is exempt

from HOEPA. *See* RJN, Exhibit A; *see also* 15 U.S.C. § 1602(aa); 12 C.F.R. § 226.23(f)(1); *Kennedy v. World Sav. Bank, FSB*, No. 14-cv-05516-JSC, 2015 WL 1814634, at *11 (N.D. Cal. Apr. 21, 2015).

Accordingly, Wells Fargo's motion is **GRANTED** and Plaintiffs' TILA/HOEPA claim is **DISMISSED**. Specifically, Plaintiffs' damages claim under TILA is dismissed with leave to amend, but Plaintiffs' HOEPA claims and rescission claim under TILA are dismissed with prejudice and without leave to amend.

## F. *UCL*

Plaintiffs' sixth cause of action alleges a violation of the "California Business and Professions Code § 17200 et seq. by engaging in unfair business practices" based on Defendants' alleged violations of California Civil Code §§ 2923.6 and 2924.10. Compl., ¶ 63; Oppo. at 6. Wells Fargo argues that Plaintiffs' UCL fails because it "is entirely derivative of [Plaintiffs'] prior claims." MTD at 27. Plaintiffs agree that their UCL claim is "reliant upon the aforementioned Civil Code violations." Oppo. at 6.

The UCL "establishes three varieties of unfair competition – acts or practices which are unlawful, or unfair, or fraudulent." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations omitted). The statute "is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank*, 691 F.3d 1152, 1168 (9th Cir. 2012). Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech.*, 20 Cal. 4th at 180 (internal quotations omitted). A plaintiff who "cannot state a claim under the 'borrowed' law . . . cannot state a UCL claim either." *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1206 (E.D. Cal. 2013) (quoting *Rubio v. Capital One Bank*, 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008), *affirmed in part, reversed in part*, 613 F.3d 1195 (2010)).

Because Plaintiffs' claims for violations of §§ 2923.6 and 2924.10 fail, Plaintiffs' UCL claim also fails. *See Slipak v. Bank of Am.*, No. 2:11-cv-01971-GEB-JFM, 2011

WL 5526445, at *4-5 (E.D. Cal. Nov. 14, 2011); *Morton v. Wells Fargo Bank*, No. 16-cv-05833-HRL, 2016 WL 7117041, at *6 (N.D. Cal. Dec. 7, 2016). As a result, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiffs' UCL claim without prejudice and with leave to amend.

## G. *Accounting*

Plaintiffs' final cause of action alleges entitlement to an accounting. Compl., ¶ 69-72. Plaintiffs allege that they have "received conflicting information regarding the amount of money that is due and owing on [their] loan." Compl., ¶ 70. Upon information and belief, Plaintiffs allege that "Defendants have substantially miscalculated the amount due as well as Plaintiff[s'] ability, with a modification, to repay the loan balance . . . and have added incredibly overstated and unjustified fees to the loan . . . ." *Id.* Plaintiffs state that "[t]he amount of money currently owed is unknown to Plaintiff[s] and cannot be determined without an accounting." Compl., ¶ 71. Wells Fargo contends that Plaintiffs have failed to establish the existence of a fiduciary relationship and that it owes Plaintiffs a definite sum of money. MTD at 28. Plaintiffs do not oppose Wells Fargo's arguments. *See* Oppo.

"An accounting cause of action is equitable and may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." *Herrejon*, 980 F. Supp. 2d at 1207 (citing *Civic Western Corp. v. Zila Indus., Inc.*, 66 Cal. App. 3d 1, 14 (Ct. App. 1977)). Additionally, a right to an accounting is derivative and must be based on other claims. *Janis v. Cal. State Lottery Comn'n*, 68 Cal. App. 4th 824, 833-34 (Ct. App. 1998). "A cause of action for an accounting requires a showing that a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (Ct. App. 2009). As an equitable matter, an accounting frequently "presents a fiduciary relation between the parties in the nature of a trust which brings it especially within equitable remedies." *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 6 (Ct. App. 1950). Moreover, a plaintiff, "as the party

owing money, not the party owed money, has no right to seek an accounting." *Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1170 (E.D. Cal. 2010) (internal quotation marks and citation omitted).

Especially given dismissal of the Complaint's other claims from which to derive an accounting, Plaintiffs' accounting cause of action fails. *See Janis*, 68 Cal. App. 4th at 833-34 (Ct. App. 1998); *see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1120 (E.D. Cal. 2014). Also, Plaintiffs have not alleged the existence of a fiduciary relationship nor have they pled any other extraordinary situation that might otherwise substantiate an accounting. *See Nymark*, 231 Cal. App. 3d at 1093 n.1 ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."). Further, Plaintiffs appear to allege that there is no way to determine what they owe Defendants without an accounting, but do not claim Defendants owe them anything. *See* Compl., ¶¶ 70-71; *see Quinteros*, 740 F. Supp. 2d at 1170 ("as the party owing money . . . [plaintiff] has no right to seek an accounting"). Additionally, there are no facts to support complicated accounts. *See Herrejon*, 980 F. Supp. 2d at 1208. As a result, an accounting in this case is inappropriate. *See Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009). Accordingly, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiff's accounting cause of action without prejudice and with leave to amend.

## H. *BDFTW's Liability*

In joining Wells Fargo's motion to dismiss, Defendant BDFTW argues it must be dismissed from the Complaint because it had "no role in originating or servicing Plaintiffs' mortgage loan" and its duties as a trustee are protected from liability by California Civil Code § 2924(b) and (d) and California Civil Code § 47. Joinder at 4-5. Plaintiffs do not rebut this claim. *See* Oppo. Additionally, Wells Fargo asserts that Plaintiffs have no valid claims against BDFTW and that BDFTW was fraudulently joined in the action. Doc. No. 1 at 6-10.

BDFTW is the trustee of the deed of trust and has limited authority under California law. *See* Doc. No. 6, Exhibit 1. "The trustee in a nonjudicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 335 (Ct. App. 2008) (internal citations omitted). In California, the trustee's duties are "are twofold: (1) to 'reconvey' the deed of trust to the trustor upon satisfaction of the debt owed to the beneficiary, resulting in a release of the lien created by the deed of trust, or (2) to initiate nonjudicial foreclosure on the property upon the trustor's default, resulting in a sale of the property." *Id.* at 334.

California Civil Code § 2924 governs notice requirements in connection with non-judicial foreclosures. Cal. Civ. Code § 2924. It provides that related communications are privileged, including: (1) the "mailing, publication, and delivery of notices" as required by California Civil Code § 47; (2) "[p]erformance of the procedures set forth in this article[;]" and (3) "[p]erformance of functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties described in Section 729.040, 729.050, and 729.080 of the Code of Civil Procedure." Cal. Civ. Code § 2924(d). Under § 47, "[t]he privilege applies to communications made without malice by a person who has an interest in the communications to another person with an interest in the communications." *Powell v. Wells Fargo Home Mortg.*, No. 14-cv-04248-MEJ, 2015 WL 4719660, at *6 (N.D. Cal. Aug. 7, 2015). This privilege applies to all torts other than malicious prosecution. *Id.* In addition, California Civil Code § 2924(b), which deals with transfers and sales of deeds of trusts, provides: "the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." Cal. Civ. Code § 2924(b).

Plaintiffs do not allege that BDFTW violated any statutory or contractual duties owed to Plaintiffs. *See* Compl. Moreover, Plaintiffs do not allege that BDFTW acted

with malice or in bad faith in discharging its duties as trustee, nor do they allege that BDFTW acted beyond its duties as trustee. *See* Compl. Plaintiffs have provided no reason why the protections of § 2924(d) and (b) should not apply and their Complaint is completely devoid of any factual allegations with respect to BDFTW, except that it is named as a defendant. *See* Oppo.; *see also* Compl., ¶ 4. In addition, BDFTW's role as trustee of the deed of trust is unrelated to Plaintiffs' claims with respect to the loan modification process. As such, BDFTW cannot be held liable for alleged violations of the HBOR, negligence in handling the loan modification application, violations of TILA and HOEPA relating to the underlying loan in 2007, or violations of the UCL, and also cannot be a defendant in Plaintiffs' accounting cause of action. *See* Compl.

Accordingly, the Court finds that Plaintiffs have no potentially valid claims against BDFTW and **DISMISSES** BDFTW as a defendant from the action with prejudice.

<h2 style="text-align:center">CONCLUSION</h2>

For the foregoing reasons, Wells Fargo's motion to dismiss is **GRANTED** as follows:

1. The following causes of action are **DISMISSED WITHOUT PREJUDICE** and with leave to amend: (1) violation of California Civil Code § 2923.6; (2) violation of California Civil Code § 2924.10; (3) quiet title; (4) violation of TILA with respect to damages; (5) violation of California's UCL; and (6) accounting;

2. The following causes of action are **DISMISSED WITH PREJUDICE** and without leave to amend: (1) negligence; (2) violation of TILA with respect to rescission; and (3) violation of HOEPA; and

3. The Court **DISMISSES WITH PREJUDICE** Plaintiffs' claims against Defendant Barrett Daffin Frappier Treder & Weiss, LLP. The Clerk of Court is instructed to terminate the action as to Defendant Barrett Daffin Frappier Treder & Weiss, LLP.

Plaintiffs must file a First Amended Complaint ("FAC"), if any, on or before **April 20, 2018**. Pursuant to Civil Local Rule 15.1(c), if Plaintiffs wish to file an FAC, they

must also include "a version of that pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how that pleading differs from the previously dismissed pleading." *See* Civ. LR 15.1(c).

**IT IS SO ORDERED**.

Dated: March 22, 2018

Hon. Michael M. Anello
United States District Judge